So we have four cases we're going to hear today. We will start with the first, United States v. Smith. We will hear from Defendant's Counsel. Thank you, Judge Wynn. May it please the Court, Eric Brignac for Quamaine Smith. This Court should deny the Government's motion to dismiss this appeal. District Court did not comply with the Rule 11 requirements necessary to enforce his waiver of his appellate rights as knowing and voluntarily made. Thus, this Court should reach the merits of Mr. Smith's claim and, as both parties agree, vacate the sentence and remand for resentencing. And the first point I want to make is that Rule 11 is not hard. Hundreds of district judges do it correctly every day across the country. So this is not putting an exceptional burden on the District Court to simply comply with the clearly written rule in this and all other guilty proceedings. And what is the standard of review? The standard of review, I would say, Your Honor, as it was in Bailey and Abney, this Court reviews appeal waivers de novo. But you're talking about the Rule 11 colloquy. Is that plain error review? Well, we're not actually asking. I think the Rule 11 colloquy is relevant in terms of context of the appeal waiver. We're not actually moving to dismiss or to vacate. Right. You don't want to vacate the plea agreement. So what is it? What's the end result here? So the end result is we wrote a brief. The government moved to dismiss on the appeal waiver. And we then say that that appeal waiver is not knowingly and voluntarily entered into using... Well, that really goes to the question Judge Stack is asking. The challenging validity of an appeal waiver, there are a number of circuits that have addressed this question. Is this a question in a plain error review? And really, they cut it down into questions of substantial rights. You've got a division of the circuits in terms of how they view substantial rights. Fourth Circuit is somewhere else. It looks like more aligned with the First Circuit on it than just knowingly and voluntarily. So that's a threshold question. We're going to resolve it as a matter of law, one that you input on. Yes. And your Honor, I guess just as a practical matter, I want to say, if this court feels that by not enforcing the appeal waiver takes what I think is the government's implied position that it is so essential to the agreement, it indicated it may move to vacate the plea in the district court. As a practical matter, that may happen. And that's still a relief. Honestly, Mr. Smith didn't really get any practical value from this plea agreement. So that may happen. But I think here, if we were asking this court... I assume he got the deduction for acceptance of responsibility. Yes. Although, Your Honor, he would have also gotten those points if he had pled without a written agreement. So he would have pleaded guilty. So the question is, but he entered a written plea agreement. The government dismissed one count. But as the Joint Appendix points out, Joint Appendix page 63, paragraph 64, that didn't actually affect his guideline range. The probation office indicated all that did was take away a count that would have run concurrently with the sentence he had. And I'm not an expert, certainly, on grouping rules, but I think that's how the PSR reads in this case. But you want to get beyond the appeal waiver so that you can address the sentencing issue, I assume, which the government concedes the sentencing was procedurally unreasonable, as I understand it. It has to concede that, Your Honor, because the judge gave absolute... Just like you have to concede that it's plain error of view, they have to concede that the sentencing was procedurally unreasonable. If we were asking this court to vacate the plea, that would definitely be plain error review because we did not ask to do that in the district court. I actually am not conceding that the enforceability of the appeal waiver is plain error because the appeal waiver did not come up until the government asked to mention it or asked to enforce it in this appeal. And only then, so we're not the first mover. It came up at the plea hearing. That's true, yes. In a very limited way, but it came up at the plea hearing. It did come up. And why wasn't that enough for it to be knowing and voluntary? And, Your Honor, I think there are multiple reasons. He did mention it, but Rule 11 says he must go over the terms, not the existence, the terms of any appeal waiver and make sure the defendant understands it. He did not go over the terms. He did not confirm that the defendant understood it. This was a mentally ill, drug-addicted defendant with a .7 GPA. Right, that's what I was going to ask you. How much, did you say a what GPA? A .7? He repeated ninth grade three times at a special school and was eventually dismissed with a 0.7 GPA. And was then in a facility for mentally ill youth. Yes. But that's all I wanted to ask you. How much discussion was there at the plea hearing as to his mental health, his mental state, the impact of any of the pretty heavy drugs he was prescribed? At the Rule 11, Your Honor, simply the, I don't hesitate to call it boilerplate, but the part at the beginning to make sure he was competent to enter the plea. There was no indication. And I'm looking now at Joint Appendix 17. And, you know, I mean, the way the district court describes it, this is at the bottom of 17. You're entering into a plea agreement in which you plead guilty to count two, count one and two of the indictment and waive your right to appeal and waive your right to contest the sentence in any post-conviction proceeding. So, yes, the written plea agreement does say conviction and sentence. But he only mentions the conviction. So I think, especially for a defendant with Mr. Smith's incapacities, that there's this understanding that what he might be agreeing to there is you're about to admit to having committed this conduct, to having had this gun, to having committed the robbery. And you can't take that back. What you're about to admit to, you can't take back. You're going to be convicted. You're going to be guilty. Never mentions the sentence, which is what we're up here dealing with. 13-minute sentencing. Right. That the government concedes is procedurally unreasonable. Procedurally unreasonable. And, you know, Your Honor, and I think I mentioned it at the end of my brief, I mean, this is about more than just Mr. Smith. This is somewhat about public confidence in the judiciary. This was a highly deficient Rule 11. This was an appeal waiver that was misdescribed to the defendant, didn't include the sentence. And he's sentencing with no, with no discussion of the sentence. And I just don't think it's proper to let that stand. And also not an outlier in this district. Not in this district. In the Eastern District of North Carolina. This is not, Your Honor, as the government, you know, as Bailey and Abney, which we both discuss in our briefs, came from this same district judge. And the four cases the government cites in its 28-J letter all come from this same district judge. It's the same plea colloquy. And look, district judges are busy, I understand. I think that was something Judge Richardson pointed out at the CLE on Monday, is how busy they are. And we appreciate that. He has a script. But it's not a compliant script. It's a script that doesn't comply with Rule 11. And there are a lot of judges in the country... And the colloquy is sort of also limited in terms of a colloquy, you think, a back and forth. There are... There's not that much questioning to understand if the defendant understood. Comparing this, Your Honor, I agree a thousand percent. Comparing this to other Rule 11s, other Rule 11s in our district and others, where especially when you get to things like this appeal waiver and there's a direct understanding, do you understand this? Do you understand this? Here he sort of recites some but not all of what he needs to. And then at the end says, is this what you've agreed to? Not even do you understand it, but is this what you've agreed to? It is kind of the equivalent to, and I'm dating myself, but you know Blockbuster Video when you'd get the huge contract and you'd sign it. No, I'm not familiar with Blockbuster. I'm not that old. No, I do know. Go ahead. I mean, and a Rule 11 proceeding is meant to be more than contractual boilerplate. So let me outline this the way I'm understanding it. You tell me where I'm wrong on it. The first inquiry we asked you about plain error review, you somewhat concede that. I'm not sure you should or whether or not we view it that way because we're definitely somewhere in a minority view on that. The other circuits have all gone somewhere on it. The First Circuit has gone with it. It really seems like we're in the business of whether we're determining this annoying involuntary standard as opposed to the plain error. Well, under the totality of the circumstances was his appeal knowing involuntary. He certainly answered to the judge that he understood it in terms of the Rule 11B that even though the judge didn't go through all of the concrete he is supposed to, that really is very rote and it's quite, it's not even understandable why a judge wouldn't pick up a piece of paper and read what everybody does. It's not the first time, so it really is appalling to see that aspect of it. But if we say it's annoying involuntary, that kind of ends it. If we don't, then we proceed, I think to a question you probably ought to at least touch on, is that appeal waiver severable from the rest of it? So if it is, then we get to the procedural reasonableness, unreasonable aspect of it and possibly the remand of the case. So is that sort of the, where you're going with this? That is. I'm glad I have time to get there, Your Honor. You already did. I've already put you there. There's not a lot more elaboration on that except to the extent that you can give us something additional to what I just said. And here's what I would say. First, I don't think it's plain error. I'm not conceding that. I think it's knowing involuntary because we're not asking to vacate the plea, but to get exactly to your question, Judge Winn, 95, 98% of federal criminal cases end in a guilty plea. So we have become, unfortunately, too accustomed to everything a defendant's giving up, everything the government is getting in a guilty plea. We don't get a jury. We don't get to question witnesses. We have to incriminate ourselves. We don't get to call witnesses in our favor. We lose all of those rights. Now the government wants to make the waiver of the right to appeal a sentence so central to the agreement that it's not severable. But I would say that all of those other rights we're giving up, preventing them from having to go through the expense and the burden and the risk of loss at trial, that's what's central to the plea agreement. And like any contract, if the government felt this provision as the drafter and tons of case laws say that we can shrew it against the government as much as they're the party with all the power, they could, and maybe I'm giving them an idea, they could put a provision in there like you see in a lot of civil contracts, this is not severable. If this falls, the entire plea goes away. I don't see any reason they couldn't do that. Or they could ensure that the Rule 11 hearing is done appropriately. We were both there, Your Honor, and they didn't stand up and say anything and neither did we. But we're not the party attempting to enforce it. They are. And I do think it is very severable. We get up. It just has to do with the sentence. He is still guilty. He does not get a jury trial. He does not get to call witnesses. He still has to admit his guilt. All of those core, core, fundamental Bill of Rights protections, he loses them all. The government still doesn't have to take him to trial. This severable provision goes away. And again, this isn't a hard... And then we take the next step and the sentencing is procedurally unreasonable.  And it goes back. So it goes back for a full resentencing. Not for a replea, for a full resentencing. All right. Let's hear from the other side. You've got some time. Thank you. Ms. Fritz? Good morning. May it please the court, Christine Fritz on behalf of the United States. The defendant is standing by his guilty pleas and he wants the benefit of his plea agreement without the burden of its appeal waiver. Correct what we just talked about right then. We started out questioning, are we looking at plain error or are we looking at a knowing and voluntary standard for this circuit? When it comes to evaluating the validity of an appeal waiver, the court looks through the totality of the circumstances and reviews that de novo. That's the general de novo. I'm talking about the standard that we apply to it. In other words, is it a plain error standard or is it a knowing and voluntary standard? The validity of the appeal waiver itself is a knowing and voluntary de novo review. But to the extent that the defendant's... It's somewhat different than the other circuits because the circuits sort of divergent in terms of how they treat this. They treat it as plain error but then they look to substantial rights and then there's a serious division in the circuits of how they interpret and what needs to be done to comply with the substantial rights. We are sort of... If I'm reading the cases right, I want to make sure we're aligned on this because it's just a preliminary question that doesn't decide the case but at least it sets the stage of how we review this case. It seems like the Fourth Circuit is more aligned with the First Circuit on this. Is that something you see is there or do you have some commentary to the contrary? Yes, I do. This is a case in general which specifically says... It talks about the Rule 11 argument about the... Asking about the appeal waiver and it says that insofar as the argument is one of a Rule 11 violation, that was not preserved and it was reviewed for plain error. I do think that this court's own precedent has recognized a tension here but when we're looking at the knowing and voluntary nature of the guilty plea, we absolutely agree that it is a de novo review but in a case like this where the defendant's argument is effectively a challenge to only the Rule 11, we do think that it should be a plain error standard of review. If this is going to be a referendum on the adequacy and quality of the Rule 11, which here we acknowledge was lacking in some respects. Then why didn't the government try to ensure that a Rule 11 quality colloquy that was not lacking in some respects was accomplished at the hearing? I take your Honor's point, criticism, and I think both of the parties could have said or done more. Well, it's the government's burden on the waiver first of all and it's the government's job to see that justice is done. It is. And I would direct the court to the totality of the circumstances and I think that what was known to the government at the time this guilty plea was entered, I think that you need to look not just at the Rule 11 but a lot of what comes before that. And to me, I kind of break some of the things that come before that as being the document, the defendant, and defense counsel. So we have a plea agreement that was reduced to writing. And plainly set forth. Start with the person, the defendant. The defendant was 30 years old. He attended school through the 9th grade. And had a .07 grade point average and a pretty significant psychiatric diagnosis. Yes, I acknowledge he did not do well in school and he had a history of mental health and addiction problems. But nothing suggests that those problems prevented him from being able to understand the plea agreement or the significance of his guilty plea. The plea colloquy wasn't thorough in that respect other than, as I understand it, the sort of boilerplate language that we hear at the beginning of every plea hearing. Your age, your education, all of that. Was there more about that? I would point to one additional thing which is specifically that the court asked defense counsel do you have any questions about his competence? And I think that this is a seasoned, experienced criminal defense attorney who specializes in criminal defense work. It's an assistant federal public defender who has worked with this defendant. And if the defense attorney had any questions, qualms, or reservations about his ability to proceed as the parties agreed upon, it should have said so. So I think that that supports. Can you respond to the issue about the appeal waiver being severable? We don't believe that the appeal waiver is severable. Obviously, this court has recognized that there are benefits and virtues to the plea system, speed, economy, and finality. And the waiver language serves that. So when you have it... So how far would this appeal waiver, could this appeal waiver go in the government's view? So you've acknowledged that this plea colloquy was, quote, somewhat lacking. And then that the sentencing, you also acknowledged the sentencing here was procedurally unreasonable, correct?  What if this, it was even more lacking than here, just bare bones, which I think this plea colloquy was pretty bare bones, could at sentencing then the court just go in and say, I sentence you to life and leave the bench. And it's clearly procedurally, it's unreasonable in every respect. But then there's the appeal waiver. Is that fine with the government? Can this district court judge start doing that? The government would not seek to enforce the appeal waiver in that sort of circumstance. But I think that when you look at the issue that's presented here, it's a procedural reasonableness challenge to a within-guideline sentence. That's certainly the type of issue that routinely falls within the scope of the appeal waiver. This court does have cases... Did I read in your brief somewhere that if we remand for a new resentencing, then the government would reserve the right to invalidate the plea or wanted to invalidate the plea or something like that? If this court says that the appeal waiver, if the court says that the defendant did not knowingly and validly waive his right to appeal, I do think that that calls into question whether the remainder of the agreement was knowing and voluntary. We would fix that if we simply say a severable. If we said it's a severable situation, you wouldn't have that option. That's true. It is possible that the court could... That was a question about whether this is a severable situation. This circuit's practice has been to treat these as severable situations. And it wouldn't be out of the ordinary to do so. I don't know if we're compelled to do it, but what you addressed there would be a question that we'll address at least in the siding case if we get that far in it past the knowingly and voluntary. I think that when I look at this court's case law in circumstances where the court has declined to enforce the appeal waiver, there was simply more information or evidence in the record showing a confusion or misunderstanding. For example, there's the Wessels case. And that was a case where the appeal waiver was never asked about. And the defense counsel represented the scope of the appeal waiver incorrectly. And that was confirmed by the judge. That's a circumstance where I think there's affirmative record-based evidence for this court to say, you didn't understand that waiver. The attorney in the court didn't understand that waiver. Similarly, in Mannigan... Have we ever proceeded to the merits of a sentencing after determining that the appeal waiver was void? Have we ever done that? Yes, and those are the cases that I'm... If we have done that, then doesn't that imply that there's a severance in that context? If we proceeded on and after it's found it's void, doesn't that imply there's a severance? It does imply that. But I would point out that, again, those were circumstances where there was affirmative information showing that there was an actual misunderstanding. Similarly, in Mannigan, that's another case where the court declined to enforce the appeal waiver and proceeded to the merits of the argument. There, the court told the defendant you have the right to appeal your sentence. Is that less exclusive with us? Were we the ones to determine that, or was that by statute, or was it required, those circumstances? In other words, could this court decide that this circumstance fits it also? I think that this... I would differentiate the circumstance under the totality of the circumstances, because, again, we don't have... My point being in Mannigan, in those cases, the court made those determinations. Is that right? But it's not an exclusive list, an exclusive matter in which it can be done. The court made those determinations based on the individual record before it. Our position is that this record before you does not support reaching that same conclusion. And, I mean, again, there was no evidence of misadvice. There wasn't any conduct or responses by the defendant indicating a misunderstanding or an inability to understand. Well, you know, when you think about it, when you have a circumstance like this where the trial judge, you can see that it just does not fall. That's what's there. You wonder, well, what would be the incentive if we simply just rubber-stamp these things every time for the trial judge to do it? And then why even ask them to do it in the first instance? Just say, do you understand what this waiver is and what this appeal is all about? And if he says yes, just end it. And, you know, it comes to mind, I spent a lot of years as a military judge, and I promise you, you've never had this problem because it was a rope, it was a script in front of you. And it went on. A plea colloquy could go on for, like, hours. And it was amazing. I've never seen anything like it in my life. I'm not suggesting we go that far. But they are basic things that these sentencing provisions require, and it seems just fundamental. It's almost like if you do these things, you don't have a problem on review. But when you don't do them, this case shouldn't even be before us. All the judge had to do was pick up and read what he had to do. It's simple. And if he does that, we don't have this appeal. We don't have this kind of situation. So how do we, where does this end if we continue to do this? This is not the first time we've done this with this particular judge. But it also encourages the continuing procedurally unreasonable sentencing that occurred here after this plea colloquy that was lacking. I want the court to understand that we take its concerns about the adequacy of the Rule 11 seriously. I think you do. I agree with you on that. But my question goes to, maybe even in your job as a prosecutor when a judge doesn't do it, you realize this can be a problem. You bring it to the judge. Judge, we would like you to do this too. I know it's difficult, depending on the personality of the judge, to do it, but at the end of the day, trials ought to mean something. You've got to take these things serious. You can't just come up here and do something slipshod and say, well, that court up there is not being reasonable with us and they don't understand our work. We understand it. But this is very straightforward. It's not rocket science. Simply read, you've got a defendant who's about to enter a plea. Make sure he understands in a knowing and voluntary fashion. Sort of list it out for you. Don't you think that's not unreasonable, is it? I want to go back a little bit to how... I appreciate that this court realizes that sometimes it's difficult to stand before a district court judge, especially a seasoned district court judge, and say, hold on a second, judge, what about this, what about that? You don't have to say, hold on, judge. You can say, judge, there's a case here, the sentencing requires this. We respectfully would like you to do this. It doesn't have to be, hold on, judge, that's not going to work. That's the way you do it. And if the judge chooses not to do it, then so be it. But when you have all these things that are available to you to do your job the right way and come here when it's not done the right way and then charge this court to say, well, bend over backwards and don't look at it and don't let this go by. When you look at the totality of the circumstances, you know that's a phrase that can be used for a lot of things. When you use that phrase, totality of the circumstances, it really is subjective determination, which surely we can write opinions that way all day long. It's all how you word it. But at some point in time, certain things like this that are very clear and straightforward, sometimes you have to really drive it home to get it home. Otherwise, we're going to be dealing with this over and over again, which we have done. This court, again, I pointed out both in the brief and in the rule and in a 28-J letter that this colloquy has been deemed by this court under the totality of the circumstances to be sufficient for there to be a finding that the appeal waiver was knowing and voluntary. That's the very point. It's been deemed that way, but not withstanding, we know this is deficient. You agree it's deficient? I agree that there are shortcomings. Absolutely. If we deem something like this, then what is the incentive to do anything other than a deficient colloquy? If you say we've deemed this to be sufficient, why wouldn't everybody just do it this way? Because we say it's okay. Now we've skipped the other stuff. Where does it end? I want to say that after Bailey, which to my knowledge is the first case where this court has, in an unpublished decision, found the appeal waiver to be unenforceable. That was courtesy. Unpublished is sometimes a courtesy to say, okay, we're going to do it. Maybe you'll get the message, don't do it again. Unpublished is not something we're bound by at all. Correct, but my point, Your Honor, is that it was an unpublished decision, and to my knowledge, it's the first time where this court has found an appeal waiver unenforceable solely based on its discussion of the failure to strictly comply with Rule 11, B1N, and other errors in the Rule 11 that were not prejudicial. We should have published it. I want Your Honor to understand that when we read that opinion, we took that seriously, and I think that you will see that in plea agreements post-dating Bailey, we now have a signature line immediately after the appeal waiver. We also have included a provision in the plea agreement to go over the advice of rights in Rule 11. We are trying to do our part. Okay, so then if you took it seriously in cases following Bailey, was this plea and sentencing after Bailey? No. Okay. But you're taking it seriously now, and you're arguing this case, and you agree that the sentencing that occurred after this plea was procedurally unreasonable, correct? Correct. If you're taking it seriously, why let a procedurally unreasonable sentence stand? Why is the government not just conceding that and going back and asking for a resentencing together with the defendant if you're taking it seriously and you want to assure that justice is done? You have conceded there's a procedurally unreasonable sentence. Why not fix it? Yes, and had this case been resolved on a motion to dismiss, we would have never gotten to our position on the substantive merits of the challenge, and I think that the fundamental difference between the parties is that the government believes that when you look at the totality of the circumstances, he did knowingly and voluntarily make its appeal waiver. And those circumstances are, again, the Rule 11 does include an explicit reference to waiving your right to appeal. There's the absence... And also, I just have to say before, your time's running out. Before you sit down, I know you said that your position on remand about taking back the plea agreement is because the government would say that the whole agreement then must have not been knowing and voluntary. But to say that you would, again, withdraw the plea agreement if this case is remanded sounds like you're walking into a vindictive prosecution situation to me. Again, I think this goes to the idea that we think that the plea agreement in its entirety was knowing and voluntary. And I want to point out that as far as I have read the defendant's briefs and also understanding the representation here, I don't understand the defendant to have ever said, I subjectively didn't understand this. I didn't know there was an appeal waiver. I didn't know I wouldn't be able to appeal my within-guideline sentence. That's important to us. Because when you look at everything else, you look at his age, his education, the fact that he's represented by competent counsel, the defense counsel at the start of the Rule 11 hearing says... I think you can take his education out of that list. That doesn't help you. Well, he's able to read, write, and understand English. And I think that this court has upheld the validity of appeal waivers with individuals with even less education than him. And although he does have a history of mental health and addiction issues, he'd been in custody for 10 months by the time he was making this guilty plea. Let me pause you for a moment. I want to ask Judge Floyd, do you have any questions? I don't have any questions. Judge, thank you. We're going to rest where we are and we'll give you just a few minutes to respond. Thank you very much. Thank you, Your Honor. We ask you to dismiss the sentencing challenge. Thank you. Your Honor, three points, which I think I can make in under four minutes. So just to get to your... You asked a question, Judge Thacker, about the hypothetical where the judge just says, I'm giving you life, and walks off the bench. One of the exceptions to an appeal waiver this court has recognized is manifest injustice, which I think in that hypo would apply. But what's interesting is in a case like this, because we don't know what the judge relied on. I mean, I don't think he relied on an impermissible factor like race. I don't think he relied on a factual misunderstanding of the record, but we don't know. So that's all the more reason in a failure to explain case like this one, why maybe applying an unknowing involuntary appeal waiver doesn't matter. Did we say we didn't understand? I mean, our challenge here... Our challenge here is that the plea was unknowing and involuntary. I mean, that's right in our brief. That's the challenge. You know, Judge Winn, I don't think it's plain error. We're saying it was unknowing and involuntary because it wasn't just not explained properly. It was sort of misexplained. He said you waive your right to appeal your conviction. The problem with the plain error, and plain error is the view you apply when there's an unpreserved Rule 11. But here, that's not the sole issue on this appeal. It's the Rule 11 objection to the evidence that the appeal waiver was not knowing. And so that voluntarily ended it too, which it's a logical, antecedent-type issue here. And in Bailey, the Rule 11, I think the court said, quote, nearly a dozen errors and omissions in the Rule 11 was context for showing that this particular provision, the appeal waiver, was unknowing and involuntary. We're not asking to vacate the Rule 11. And the government has said we may move to vacate it in the district court. No one is asking this court. You're asking to sever the waiver provision of the plea agreement. Yes, Your Honor. I'm asking to sever. They want to enforce it. Is there a way that we can do that? Just as Judge Wynn pointed out, because this court has done it before, albeit unpublished, and actually in those cases, in both Bailey and Abney, the defendant did move, unlike here, to vacate the plea. And this court said no, but we're taking out the appeal waiver. So the issue was squarely in front of this court as to whether it was severable. And in both instances, the court did sever it. And, you know, the majority of Rule 11s I've ever observed, having done this for a long time, you know, go somewhat routine without a hitch. But every defense lawyer and prosecutor can remember those instances where a Rule 11 was done properly and a defendant actually does say, well, wait, I don't, is that what I'm agreeing to? I didn't, I mean, I remember one. And then the court gives them time to discuss it. Right, and the court will say, you know what, we're going to continue this to next month. Go talk to your lawyer. You know, that's how it's supposed to work. Because if nine times out of 10, if 49 times out of 50, a defendant understands it goes, Rule 11 is the final point. You are not sitting in a jail cell. You're not talking to your lawyer. You don't have people yelling behind you in the commissary. You are in court. You begin to sound like you're making a nice jury argument. Yeah, and Your Honor, I, We don't listen to that very much. And I know, Your Honor, I guess what I'm saying, and this court knows it, and I think the questions demonstrate it. These things are important. And when you waive a right, it should be knowing involuntary. And on this record, it's not. We would ask you to reach the merits and to vacate the sentence and remand for resentencing. All right, thank you. Both counsel will come down and I will be greeting you virtually.
judges: James Andrew Wynn, Stephanie D. Thacker, Henry F. Floyd